Matthew J. O'Connor (SBN 203334)
O'CONNOR LAW
A Professional Corporation
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: 619.398.4764
Facsimile: 619.756.6991

Steven L. Woodrow
swoodrow@woodrowpeluso.com*
Patrick H. Peluso
ppeluso@woodrowpeluso.com*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

* *Pro Hac Vice* application to be filed

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ISABEL BELTRAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No. **'17 CV0221 WQH JMA**<br><br>**CLASS ACTION COMPLAINT**<br><br>National Bank Act, 12 U.S.C. §§85,86<br>Cal. Bus. & Prof. Code § 17200 |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff Maria Isabel Beltran ("Beltran" or "Plaintiff") brings this Class Action Complaint against Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"), for damages and to stop Chase's practice of: (1) charging unlawful and usurious sums of interest on overdraft charges under the guise of assessing "Extended Overdraft Fees," and (2) for "reordering" the sequencing of draws that

trigger overdraft charges in the first place so as to assess multiple overdraft charges when fewer overdraft charges were warranted and allowed under the circumstances. Plaintiff Beltran, for her Class Action Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

2. Plaintiff Beltran is a California resident and citizen. Beltran's principal residence is in Imperial, California.

3. Defendant Chase is a national banking association with its main office located at 1111 Polaris Parkway Columbus, OH 43240.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the National Bank Act, 12 U.S.C. §§ 85, 86, which is a federal statute. Furthermore, the case is an alleged class action under the Class Action Fairness Act, § 1332(d)(2) *et seq*. This Complaint alleges claims on behalf of two national classes that are minimally diverse from the Defendants. On information and belief, the aggregate of these claims exceed the sum or value of $5,000,000.

5. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is registered to do business in the State of California, and regularly conducts business in the State of California and in this district.

6. Venue is proper in this District because Defendant is located in this district and a significant portion of the events described throughout this Complaint took place within this District, Plaintiff maintains her Chase account in this District, and/or the decision to assess such charges was directed to consumers in this

District.

## COMMON ALLEGATIONS OF FACT

7. This case challenges two of Chase's practices: (1) charging usurious "Extended Overdraft Fees" of $15 on overdrawn balances, and (2) "re-sequencing" the order of checks so as to debit larger payments first, thereby allowing Chase to assess multiple overdraft charges where only a single charge—or certainly fewer charges—would otherwise be permitted.

8. **Usurious Extended Overdraft Fees.** Under the National Bank Act, Chase is allowed to charge the maximum interest allowed under the laws of its home state of Ohio, which is 8% annually. Ohio Rev. Code Ann. § 1343.01(A) ("The parties…may stipulate therein for the payment of interest upon the amount thereof at any rate not exceeding eight per cent per annum payable annually.") Rather than abide by this rate ceiling, Chase assesses a usurious "Extended Overdraft Fee" on overdrawn accounts. For example, on August 22, 2016 Plaintiff's account became overdrawn by $759.50, and on August 29, 2016—with her account still overdrawn—Chase assessed a $15 Extended Overdraft Fee. This fee is simply a charge for the balance Chase effective lent to Plaintiff through the overdraft and is considered interest. The problem for Chase is that at 8%, it would have only been able to charge Plaintiff $60.76 interest for the ***entire year***, or about 17 cents a day (or $1.17 for the 7 days during which the account was overdrawn on which the Extended Overdraft Fee was based). Chase instead charged Plaintiff nearly 12 times the interest legally allowed. Chase has assessed numerous Extended Overdraft Fees on Plaintiffs' and others' Chase accounts with balances that simply did not permit Chase to impose such usurious amounts. (*See* "Redacted Beltran Bank Statements," true and accurate copies of which are attached as Group Ex. A.)

9. **Re-ordering the Sequence of Deductions to Maximize Overdrafts.** In addition to charging illegally excessive interest, Chase, when deductions are

processed at its clearing house, also processes checks and other debits against accounts so that the largest debits are processed first and the smallest debits are processed last. The effect is to cause the consumer's account to go into overdrawn status prematurely, thereby enabling Chase to "stack" overdraft charges. For example, Plaintiff began October 18, 2016 with an account balance of $118.57. Three checks were processed that day, for $127.00, $30.00, and $14.26. Rather than process the $14.26 check first (which would've brought the account down to $104.31), followed by the $30.00 check (leaving $74.31 in the account), and then finally the $127.00 (which would resulted in a negative balance of $52.69 and allowed Chase to impose a single Insufficient Funds Fee of $34), Chase processed the $127.00 first—which immediately caused the account to enter overdraft status. Chase assessed a $34.00 Insufficient Funds Fee for this overdraft. Then, when processing the $30.00 charge and the $14.26 charge, Chase assessed an additional $34 Insufficient Funds Fee *for each check, resulting in an extra $68 to Chase.*

10.   Chase reportedly made $1.9 billion in revenue from overdraft fees in the year 2015 alone.[1] Insufficient Funds Fees from overdrafts is a major source of revenue for the bank.

11.   Such practices make it exceedingly difficult for consumers to break our of a continuous cycle of overdrafts and extra fees, all for the sake of enhancing Chase's bottom line.

12.   As part of its scheme and to ensure that its illegal conduct goes unpunished, Chase includes an "arbitration clause" and jury trial waiver and class action waiver in its 31-page customer account agreement. Such provisions are procedurally and substantively unconscionable and violate the Seventh Amendment rights of Plaintiff and the other Class Members.

13.   Ultimately, Plaintiff and the Class Members have been stripped of

---

[1] http://money.cnn.com/2016/01/14/investing/atm-overdraft-fees/

millions of dollars in usurious Extended Overdraft Fees and "re-sequenced" overdraft fees.

### FACTS SPECIFIC TO PLAINTIFF BELTRAN

14. Plaintiff has been a Chase account holder for approximately 8 years.

15. When Plaintiff first became a Chase account holder her terms and conditions did not include an arbitration provision, class action waiver, or a jury trial waiver. At some point unbeknownst to Plaintiff, Chase added such provisions to the terms without proper notice or an opportunity to reject such terms.

16. Plaintiff draws checks on her Chase account to pay for bills and other expenses.

17. She also has the account set up for direct deposit from her employer.

18. Plaintiff has incurred overdraft charges, including Insufficient Funds Fees, on her account. (*See* Group Ex. A.)

19. Additionally, Chase has assessed Extended Overdraft Fees on Plaintiff's account of $15, usually 7 to 10 days after imposing the Insufficient Funds Fees if the negative balance has not been cured. (*See* Group Ex. A.)

20. Plaintiff incurred at least 4 such Extended Overdraft Fees and potentially many more (the exact number is to be revealed during discovery). These Extended Overdraft Fees are usurious. Chase is permitted under the law of Ohio, its home state, to charge 8% on an annualized basis. Ohio Rev. Code Ann. § 1343.01(A) ("The parties…may stipulate therein for the payment of interest upon the amount thereof at any rate not exceeding eight per cent per annum payable annually.")

21. Plaintiff's account, or any overdraft protection agreement or account agreement, is an instrument of writing for the payment of money at a future time. When a bank allows an account to be overdrafted, the bank has effectively lent the honored amounts to the depositor with an expectation of repayment.

- 5 -

22. A $15 charge assessed within 7 to 10 days is generally going to be considered usurious by some amount. The amount of the overdrafted balance would need to be over $5,000 (permitting approximately $1.10 per day in interest). As will be confirmed through discovery, most overdrafted accounts are overdrafted by far lower sums.[2]

23. Additionally, on several occasions Plaintiff drew multiple checks on her account and Chase re-sequenced the checks from largest to smallest, thus maximizing the number of overdraft fees/Insufficient Funds Fees it could assess on Plaintiff's account. Had Chase processed the drafts smallest to largest, it would not have been able to assess as many Insufficient Funds Fees.

## CLASS ACTION ALLEGATIONS

24. In accordance with F. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this class action pursuant to the National Banking Act, the statutes and common laws of the State of California, on behalf of the following classes of persons:

> **Extended Overdraft Fee Class**: All persons who (1) on or after two years prior to the filing of this action, (2) were charged at least one Extended Overdraft Fee of $15, (3) when their overdrawn balances were equal to or less than $5000, (4) when the overdrawn balance was brought current within 11 or fewer days, (5) where the person opened his/her Chase account before Chase claims it changed its terms and conditions to include an arbitration provision and class action waiver.
>
> **Re-Sequenced Check Class**: All persons who (1) on or after four years prior to the filing of this action, (2) had multiple checks drawn on their accounts in a single day, (3) where Chase sequenced the processing of the checks in the order of largest to smallest, and (4) who were charged at least two Insufficient Funds Fees of $34 on the same day, where such charges would have been avoided had the checks been processed smallest to largest, (5) where the person opened his/her Chase account before Chase claims it changed its terms and conditions to include an arbitration provision and class action waiver.

25. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2)

---

[2] The average debit that triggers an overdraft episode is only $20. See URL http://www.bankrate.com/finance/checking/things-you-need-to-know-about-checking-overdrafts-1.aspx

- 6 -

Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

26. <u>Class Size (F. R. Civ. P. 23(a)(1))</u>: Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Classes is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is in the thousands, if not more.

27. <u>Commonality (F. R. Civ. P. 23 (a)(2))</u>: Common questions of law and fact apply to the claims of all class members that are central to each class members' claim. Common material questions of fact and law include, but are not limited to:

   (a) Whether Chase imposed the same $15 fee on all Class Members;

   (b) Whether the $15 Extended Overdraft Fee was usurious under Ohio law (and whether Ohio law applies), and/or under any other applicable law;

   (c) Whether Chase acted knowingly in charging usurious interest such that Plaintiff and the other members of the Extended Overdraft Fee Class are entitled to two-times the amount of interest paid;

   (d) Whether Chase violated the covenant of good faith and fair dealing by re-sequencing checks when processing them from highest to lowest instead of lowest to highest so as to maximize overdraft charges/$34 Insufficient Funds Fees; and

- 7 -

      (e)    Whether Chase used an arbitration clause and class waiver in furtherance of its scheme to impose usurious interest and re-sequence checks.

28. <u>Typicality (F. R. Civ. P. 23 (a)(3))</u>: Plaintiff's claims are typical of the claims of all class members. Plaintiff was charged usurious Extended Overdraft Fees during the Class Period. Likewise, Plaintiff had her checks processed lowest to highest and incurred additional overdraft fees at the same time. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute and state laws. The Defendant has acted the same or in a similar manner with respect to the Plaintiff and all the class members.

29. <u>Fair and Adequate Representation (F. R. Civ. P. 23 (a)(4))</u>: The Plaintiff will fairly and adequately represent and protect the interests of the class. It is interested in this matter, has no conflicts and has retained experienced class counsel to represent the class. Plaintiff is committed to keeping itself apprised of the litigation and to representing the Class Members' interests.

30. <u>Common Conduct (F. R. Civ. P. 23 (b)(2))</u>: Class certification is appropriate because the Defendant has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate.

31. <u>Predominance, Superiority, and Manageability (F. R. Civ. P. 23 (b)(3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

      (a)    Proof of the claims of the Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

      (b)    Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

(c) The Defendant has acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d) The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs. The common questions cut to the heart of the case and predominate over any supposed individualized issues; and

(e) This case is manageable and superior to maintain as a class action in that:

    i. The Defendant can identify which accounts it charged Extended Overdraft Fees where the balance was under $5000;

    ii. Liability and damages can be established for the Plaintiff and the class with the same common proofs;

    iii. Double-interest damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

    iv. A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

    v. A class action will contribute to uniformity of decisions concerning the Defendant's practices; and

    vi. As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

**FIRST CAUSE OF ACTION**
**Claim for Usurious Interest Under the**
**National Bank Act, 12 U.S.C.A. §§ 85, 86, *et seq*.**
**(On Behalf of Plaintiff and the Extended Overdraft Fee Class)**

32. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

33. Under the National Bank Act:

> Any association may take, receive, reserve, and charge on any loan or discount made, or upon any notes, bills of exchange, or other evidences of debt, interest at the rate allowed by the laws of the State, Territory, or District where the bank is located, or at a rate of 1 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal reserve bank in the Federal reserve district where the bank is located, whichever may be the greater, and no more, except that where by the laws of any State a different rate is limited for banks organized under State laws, the rate so limited shall be allowed for associations organized or existing in any such State under title 62 of the Revised Statutes.

34. Chase is located in Ohio. The maximum interest rate in Ohio is 8% per year.

35. The Fourth District of the Federal Reserve's rate on 90-day commercial paper has ranged from approximately 1.00% to 1.10% during the relevant period of time and 1% additional would still result in the Extended Overdraft Fees generally being considered highly usurious.

36. As a result of Defendant's conduct, Plaintiff and the other members of the Extended Overdraft Fee Class each paid excessive interest.

37. The National Bank Act provides a private right of action for twice the amount of interest paid. 12 U.S.C. § 86 ("The taking, receiving, reserving, or charging a rate of interest greater than is allowed by section 85 of this title, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association

taking or receiving the same: *Provided,* That such action is commenced within two years from the time the usurious transaction occurred.")

38. Plaintiff and the other members of the Extended Overdraft Fee Class, as depositors, are within the zone of interest contemplated by the protections of the statute.

39. Chase has one of the largest in-house legal departments and knowingly assessed such interest.

40. As such, Plaintiff and the Class Members are entitled to, and hereby pray for a judgment ordering Chase to make payment of, twice the amount of all interest paid.

### SECOND CAUSE OF ACTION
### Breach of the Covenant of Good Faith and Fair Dealing
### (On Behalf of Plaintiff and the Re-sequenced Check Class)

41. Plaintiff reincorporates and realleges the forgoing allegations as if set forth herein.

42. Plaintiff and the Re-sequenced Check Class each had multiple checks drawn on their accounts so as to trigger at least two Insufficient Funds Fees, where the checks were processed largest to smallest.

43. Chase processed the checks largest to smallest so as to maximize the number of draws that would permit it to assess overdraft charges.

44. Chase has the discretion on how it processes checks in terms of the order in which it chooses to process each check. Chase abused that discretion so as to maximize the number of $34 Insufficient Funds Fees it could assess.

45. In doing so, Chase acted to frustrate its account-holders' abilities to enjoy the benefits of their account agreements.

46. In 2014 Chase settled a case challenging its reordering of overdraft fees for $110,000,000. The class period covered overdraft charges from 2001 to May 24, 2011. The charges at issue in this case were assessed after May 24, 2011.

47. As a result of Chase's sequencing of check debits from largest to smallest, Plaintiff and the other Class Members suffered actual damages in amounts to be proven at trial in the form of extra overdraft fees for which they should not have been charged.

### THIRD CAUSE OF ACTION
### Cal. Bus. & Prof. Code § 17200, *et seq*.
### (On behalf of Plaintiff and the Re-sequenced Check Class)

48. Plaintiff reincorporates and realleges the forgoing allegations as if set forth herein.

49. Plaintiff and the Re-sequenced Check Class each had multiple checks drawn on their accounts so as to trigger at least two Insufficient Funds Fees, where the checks were processed largest to smallest.

50. Chase processed the checks largest to smallest so as to maximize the number of draws that would permit it to assess overdraft charges.

51. Chase has the discretion on how it processes checks in terms of the order in which it chooses to process each check. Chase abused that discretion so as to maximize the number of $34 Insufficient Funds Fees it could assess.

52. In doing so, Chase acted to frustrate its account-holders' abilities to enjoy the benefits of their account agreements.

53. As a result of Chase's sequencing of check debits from largest to smallest, Plaintiff and the other Class Members suffered actual monetary loss in the form of extra overdraft fees for which they should not have been charged.

54. Such conduct is unfair under California's UCL.

55. Chase should be enjoined from processing checks largest to smallest where such reordering will cause multiple overdraft charges.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Beltran on behalf of herself and the Classes, prays for the following relief:

1. An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff Beltran as the representative of the Classes and appointing its attorneys as Class Counsel;

2. An award of double all interest paid in the form of Extended Overdraft Fees for the Extended Overdraft Fee Class Members all to be paid into a common fund for the benefit of the Plaintiff and the Extended Overdraft Fee Class Members;

3. An award of all Insufficient Funds Fees incurred as a result of processing checks largest to smallest;

4. An order enjoining Defendant from debiting checks largest to smallest;

5. An award of pre-judgment interest;

6. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

7. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**MARIA ISABEL BELTRAN** individually and on behalf of all others similarly situated,

Dated: February 3, 2017   By: __/s/_ Matthew J. O'Connor_____

Matthew J. O'Connor (SBN 203334)
O'CONNOR LAW
A Professional Corporation
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: 619.398.4764

| | |
|---|---|
| 1 | Facsimile: 619.756.6991 |
| 2 | Steven L. Woodrow* |
| | swoodrow@woodrowpeluso.com |
| 3 | Patrick H. Peluso* |
| | ppeluso@woodrowpeluso.com |
| 4 | Woodrow & Peluso, LLC |
| | 3900 East Mexico Ave., Suite 300 |
| 5 | Denver, Colorado 80210 |
| | Telephone: (720) 213-0675 |
| 6 | Facsimile: (303) 927-0809 |
| 7 | Attorneys for Plaintiff and the Classes |
| 8 | * *Pro Hac Vice* Admission to Be Sought |